[Civ. No. 2677. Fourth Dist. Feb. 10, 1943.]

E. T. NEFF et al., Appellants, v. COUNTY OF KERN et al., Respondents.

Brittan & Mack and Kendall & Howell for Appellants.

Borton, Petrini, Conron & Borton for Respondents.

GRIFFIN, J.—This action was instituted by plaintiffs and appellants to recover damages for death and personal injuries arising out of a collision between a truck and a motorcycle. The collision occurred on February 9, 1940, about 3:30 p. m. at the intersection of Haley and Pacific Streets in Bakersfield. Haley Street runs north and south. Pacific Street runs east and west. The defendant and respondent Armand Rambaud was driving an International dump truck, owned by the defendant and respondent county of Kern, in a southerly direction on Haley Street. The deceased, William Neff, and the plaintiff and appellant Ralph Eckhardt, a minor, were riding a motorcycle east on Pacific Street. The dump truck was operated by Rambaud as the agent of the respondent county of Kern, in the course and scope of his employment, and was at the time hauling a load of sand weighing approximately four tons. The southwest corner of Pacific and Haley Streets was obscured by shrubbery and trees so that it constituted a blind corner. At the time of the collision respondent Rambaud was operating the dump truck in third gear at a rate of speed between 8 and 12 miles an hour and had been doing so for about 300 feet before entering the intersection of Haley and Pacific Streets. As Rambaud entered the intersection he looked west and observed the motorcycle, then approximately 200 feet away from his vehicle, traveling at a speed he estimated between 35 and 40 miles an hour. He then looked to his left, or east, and thereafter looked again to his right, or west, as he crossed the center of Pacific Street. He then observed the motorcycle and its two occupants about 10 to 15 feet from the intersection going at about the same rate of speed and with the riders looking back over their right shoulders. Rambaud turned his truck slightly to his left. The impact occurred immediately upon his seeing the motorcycle the second time. The point of impact was near the right front bumper and fender of the truck at a point when the truck was about 37 feet and the motorcycle was about 22 feet into the intersection. *After the impact,* Rambaud applied the brakes on his truck and brought it to a stop. William Neff, the deceased, age 19, and Ralph Eckhardt, age 18, were riding upon a one-seated 1929 Indian motorcycle. Both were occupying the one seat with Neff sitting in front of Eckhardt. Both had their feet upon the floorboard and each was instrumental in balancing and controlling the motor-

cycle. Three girls were walking west on the southerly side of Pacific Street at a point approximately halfway between the first house and the fence west of Haley Street. As the two boys on the motorcycle passed the three girls they were looking at them and continued to look at the girls over their right shoulders until the motorcycle was about to enter the intersection. The motorcycle was traveling approximately 40 miles per hour when it passed the girls and continued at the same speed up until the time of the collision. The side windows in the cab of the truck were down. After the truck had come to rest following the collision the windows were rolled up and the truck locked by Rambaud. Rambaud testified that the windshield and the glass in the right side door were clean. The only other testimony about the condition of the windshield and door glass was that of officer Bianchi, who testified that the windshield and glass "was fairly clean"; that there was a little dirt upon the windshield; that it was not as clean as it would have been if it had just been cleaned off; that he could not say that there was enough dirt there to interfere in any degree with the vision; that he didn't get into the cab to look out. The driver of the truck testified that the windshield and glass were clean; that the glass in the side door was rolled down and that his vision was not impaired to any extent. One witness for plaintiff testified that on Monday and Tuesday the week before the accident he had driven the dump truck in question; that the brakes had been relined about 4 or 5 weeks before the accident; that if the brakes were applied lightly the brakes on the right front wheel would grab before the others caught and the truck would swerve to the right; that for a week before the accident it was necessary to hold the steering wheel to keep it from spinning "when the wheels cut to the right." There was evidence that on February 16, after the accident, a similar test was made with the same result. Other witnesses were called on behalf of the defense who testified that minor adjustments had been made on the truck on Wednesday preceding the accident and that the brakes were "okay" when he was through working on them and that he made a similar test on Monday after the accident and they were still "okay." After the jury was instructed it returned a unanimous verdict in favor of the defendants.

█ The only question presented on this appeal involves the refusal of the trial court to give two instructions, one in the

language of section 677 of the Vehicle Code that "It shall be unlawful to operate any motor vehicle upon a highway when the windshield is in such a defective condition as to impair the driver's vision"; ▮▮▮ and another in the language of Vehicle Code section 679, that "No person shall operate or move on any highway any motor vehicle . . . unless said vehicle . . . is equipped as required by this code and is in such safe mechanical condition as not to endanger the driver or other occupant or any person upon the highway."

▮▮▮ As to the first instruction relating to the windshield, it is apparent that the trial court did not err in holding that the evidence on that subject was not substantially sufficient to warrant giving the instruction. All the evidence shows that the motorcycle approached from the right side of the truck driver and that the window on that side was down at the time. Even had it been up, the force of the testimony supporting such an instruction was the testimony of the police officer to the effect that the glass and windshield "was fairly clean." There was no substantial testimony that the windshield was in such a defective condition as to impair the driver's vision, or that the claimed defective condition of the *windshield* was or could have been the proximate cause of the accident. We do not see how appellants could have been prejudiced by failure to give the proffered instruction.

▮▮▮ As to the refusal to give the next instruction based on section 679 of the Vehicle Code prohibiting the driver of a motor vehicle from driving such vehicle on a highway unless it is equipped "as required by this code" and is "in such safe mechanical condition as not to endanger . . . any person upon the highway," it must be held, in view of the evidence, that the trial court did not prejudicially err in failing to give such an instruction. All of the evidence shows that the driver of the motorcycle was not looking when his motorcycle struck the truck and at the particular moment of the impact the driver of the truck did not have time to, or at least did not apply the brakes until the vehicles collided. The evidence shows that the brakes on the truck were "effective" even after the tests were made. The most that can be said is that the truck would have veered to the right if the right front brake "grabbed" as suggested. We do not see how it could be said that this condition, assuming its existence, or the evidence here produced, when considered

in connection with the Vehicle Code requirements, would constitute a failure to equip the truck "as required by this code" or a failure to keep it in "such safe mechanical condition as not to endanger" the appellants under the facts here related, as the brakes were not used and it was not shown that their condition had anything to do with the accident. From the evidence, it appears that the driver of the motorcycle drove blindly into the truck. We do not see what difference it could have made as to the *proximate cause of the accident and injury* if the condition of the right front brake of the truck had been as testified to by appellants' witnesses. The refusal to give the proffered instruction under these facts cannot be held to have been prejudicially erroneous. (*Bender* v. *Perry,* 37 Cal.App.2d 206, 214 [99 P.2d 319].)

Judgment affirmed.

Barnard, P. J., and Marks, J., concurred.